No. 62.—REUBEN WHITE, Under Tutor, *v.* VICTORIA E. NESBIT et al.

The sale of the property of a minor by the tutor, for Confederate notes as the consideration, is an absolute nullity ; and the minor may sue for and recover back his property, or its value from the vendee after delivery.

APPEAL from the District Court, parish of Caddo. *Weems,* J. *Moncure & Flanagan,* for plaintiff and appellee, *Looney & Wells,* for defendants and appellants.

HOWE, J. The plaintiff as under tutor of the minor, Robert Nesbit, instituted this suit against the natural tutrix, Mrs. Victoria E. Nesbit, and against the codefendant, Auguste Voinche, alleging that the latter pretended to have purchased from Mrs. Nesbit certain cotton, the property of the minor, and was about to remove it, and he prayed that the

cotton might be sequestered and the rights of the minor thereto recog-- nized and enforced. Alleging also various acts of unfaithfulness on the part of the tutrix, he prayed for her removal and the appointment of a tutor. In the progress of the suit this removal was made; and Thomas H. Pitts was appointed tutor, qualified, and permitted to prosecute the action.

The property sequestered was bonded by the defendant Voinche and delivered to him by the sheriff.

There was judgment in favor of the dative tutor, Thomas II. Pitts, against the defendant Voinche for the cotton sequestered, and in the event of its non-delivery for its value, with interest from the date of the judgment, and the defendant Voinche appealed.

The testimony in the case makes it sufficiently clear that the cotton in controversy was the property of the minor, a child of tender years; that the defendant Mrs. Nesbit undertook to sell it to Voinche on the fourth of February, 1864, for Confederate money; that during the absence of Mrs. Nesbit from the plantation, about December 10, 1865, Voinche attempted to remove it, and that it was sequestered at certain gin houses in the neighborhood. Under such circumstances the trans- action as to the minor was a complete nullity, and could confer no rights whatever on the pretended vendee. The fact that the property had been removed by the vendee cannot avail him in this case. If Robert Nesbit had been of age and had himself been the vendor, the court declining to hear him allege his own turpitude, might have refused to interfere with the possession of Voinche, resulting from a sale, the consideration of which was illegal. But the minor in this case was no party to the pretended sale; and the maxim *nemo allegans*, etc., can not be opposed to the plaintiff.

For the reasons given it is ordered and adjudged that the judgment appealed from be affirmed with costs.

Rehearing refused.